UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DDB TECHNOLOGIES L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> CSTV NETWORKS, INC. D/B/A CBS SPORTS NETWORK, and <br><br> CSTV ONLINE, INC., <br><br> Defendants. | Civil Action No. 11-cv-1014 <br><br> Judge: _____ <br><br> JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DDB Technologies, L.L.C., files this Complaint for Patent Infringement and Damages against Defendants CSTV Networks, Inc. d/b/a CBS Sports Network and CSTV Online, Inc., and would respectfully show the Court as follows:

### THE PARTIES

1. Plaintiff DDB Technologies, L.L.C. ("DDB"), is a Texas limited liability company having its principal place of business at 107 Laura Lane, Austin, Texas 78746, which is within this judicial district.

2. On information and belief, Defendant CSTV Networks, Inc. d/b/a CBS Sports Network is a Delaware corporation with its headquarters at 85 10th Avenue, 3rd Floor, New York, NY 10011.

3. On information and belief, Defendant CSTV Online, Inc. is a Delaware corporation with its headquarters at 2035 Corte Del Nogel, Suite 250, Carlsbad, CA 92011.

4. Defendants CSTV Networks, Inc. and CSTV Online, Inc. are referred to hereinafter as "CSTV."

5. CSTV transacted business within the State of Texas and in this judicial district, and committed acts of patent infringement as hereinafter set forth within the State of Texas and this judicial district. Such business included, without limitation, CSTV's operation of its Internet website, cstv.com, which was available to, accessed by, and/or subscribed to by users, customers, and potential customers of CSTV within this judicial district.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, UNITED STATES CODE. This Court has jurisdiction under 35 U.S.C. §§ 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over CSTV pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.* Personal jurisdiction generally exists over CSTV because CSTV has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this district. Personal jurisdiction also exists because, on information and belief, CSTV has entered into numerous contracts with customers in Texas for products and services offered by CSTV, which products and services involve, among other things, the knowing and repeated transmission of data over the Internet. This Court's jurisdiction over CSTV comports with the constitutional standards of fair play and

substantial justice and arises directly from CSTV's purposeful minimum contact with the State of Texas.

8. Although CSTV has engaged in business in the State of Texas, CSTV has not designated an agent for service in the State. Therefore, the Secretary of the State is an agent for service of process for CSTV pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

10. On June 11, 1996, United States Patent No. 5,526,479 ("the '479 Patent"), entitled "Method and Apparatus for Broadcasting Live Events to Another Location and Producing a Computer Simulation of the Events at that Location," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '479 Patent is attached hereto as Exhibit A.

11. On September 23, 1997, United States Patent No. 5,671,347 ("the '347 Patent"), entitled "Method and Apparatus for Broadcasting Live Events to Another Location and Producing a Computer Simulation of the Events at that Location," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '347 Patent is attached hereto as Exhibit B.

12. On March 20, 2001, United States Patent No. 6,204,862 ("the '862 Patent"), entitled "Method and Apparatus for Broadcasting Live Events to Another Location and Producing a Computer Simulation of the Events at that Location," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '862 Patent is attached hereto as Exhibit C.

13. On May 13, 2008, United States Patent No. 7,373,587 ("the '587 Patent"), entitled "Representing Sub-Events With Physical Exertion Actions," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '587 Patent is attached hereto as Exhibit D.

14. The '479, '347, '862, and '587 Patents are referred to hereinafter as "the DDB Patents."

15. David R. Barstow and Daniel W. Barstow assigned the DDB Patents to DDB. DDB owns all right, title and interest in and to the DDB Patents.

## FACTS

16. In the 1980s and continuing through the early 1990's, Dr. David R. Barstow, a Partner in and President of DDB, along with his brother, Daniel W. Barstow, a Partner in DDB, developed a method and apparatus for providing remote viewers with simulations of live sporting events such as baseball, football, and basketball games, etc. All of the technology required to produce such simulations is embodied in the DDB Patents.

17. On information and belief, without DDB's permission, CSTV began providing live game simulation products/services that embody the invention(s) set forth in the DDB patents. At a minimum, for instance, CSTV provided products/services through its cstv.com website—including a "GameTracker" product/service—that enabled remote users to watch simulations of live sporting events such as baseball games. *See, e.g.*, Exhibit E.

18. On June 15, 2004, DDB initiated a patent infringement suit against MLB Advanced Media, L.P. ("MLBAM"), a competitor of CSTV in the live game simulation products/services industry, alleging that MLBAM's live game simulation product(s)/service(s) infringed the '479, '347, and '862 Patents. This suit received press attention in the industry and

4

resulted in the marking of MLBAM's competing live game simulation product(s)/service(s) with one or more of the DDB Patents.

## COUNT I:
## INFRINGEMENT OF THE '479 PATENT

19. DDB repeats and realleges each of the allegations of paragraphs 1-18 as if set forth in full.

20. DDB is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '479 Patent.

21. On information and belief, DDB never licensed CSTV under any of the DDB Patents or otherwise authorized CSTV to practice the '479 Patent.

22. CSTV infringed one or more of the claims of the '479 Patent by making, selling, offering for sale, and/or using live game simulation products and/or services (including, for example, the GameTracker product/service depicted in Exhibit E) covered by claims of the '479 Patent, without DDB's authorization in violation of 35 U.S.C. § 271(a).

23. On information and belief, CSTV had knowledge of the existence of the '479 Patent. For instance, on information and belief, CSTV had knowledge of the '479 Patent based on DDB's lawsuits against CSTV's competitor for infringement of the DDB Patents and/or the marking of competing live simulation products/services with the DDB Patents.

24. On information and belief, CSTV promoted, advertised, and provided access to its live game simulation products/services to users, customers, and potential customers by, at a minimum, providing links to its live game simulation products/services on its cstv.com website.

5

25.  On information and belief, CSTV engaged in this conduct with the intent to lead others to engage in conduct that CSTV knew would constitute an infringement, in violation of 35 U.S.C. § 271(b).

26.  On information and belief, CSTV also engaged in this conduct while knowing that its live game simulation products and/or services were especially made or especially adapted for use in an infringement of the '479 Patent and were not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

27.  In view of its knowledge of the '479 Patent, CSTV's acts of infringement were willful.

## COUNT II:
## INFRINGEMENT OF THE '347 PATENT

28.  DDB repeats and realleges each of the allegations of paragraphs 1-27 as if set forth in full.

29.  DDB is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '347 Patent.

30.  On information and belief, DDB never licensed CSTV under any of the DDB Patents or otherwise authorized CSTV to practice the '347 Patent.

31.  CSTV infringed one or more of the claims of the '347 Patent by making, selling, offering for sale, and/or using live game simulation products and/or services (including, for example, the GameTracker product/service depicted in Exhibit E) covered by claims of the '347 Patent, without DDB's authorization in violation of 35 U.S.C. § 271(a).

32.  On information and belief, CSTV had knowledge of the existence of the '347 Patent. For instance, on information and belief, CSTV had knowledge of the '347 Patent based

on DDB's lawsuits against CSTV's competitor for infringement of the DDB Patents and/or the marking of competing live simulation products/services with the DDB Patents.

33. On information and belief, CSTV promoted, advertised, and provided access to its live game simulation products/services to users, customers, and potential customers by, at a minimum, providing links to its live game simulation products/services on its cstv.com website.

34. On information and belief, CSTV engaged in this conduct with the intent to lead others to engage in conduct that CSTV knew would constitute an infringement, in violation of 35 U.S.C. § 271(b).

35. On information and belief, CSTV also engaged in this conduct while knowing that its live game simulation products and/or services were especially made or especially adapted for use in an infringement of the '347 Patent and were not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

36. In view of its knowledge of the '347 Patent, CSTV's acts of infringement were willful.

## COUNT III:
## INFRINGEMENT OF THE '862 PATENT

37. DDB repeats and realleges each of the allegations of paragraphs 1-36 as if set forth in full.

38. DDB is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '862 Patent.

39. On information and belief, DDB never licensed CSTV under any of the DDB Patents or otherwise authorized CSTV to practice the '862 Patent.

40. CSTV infringed one or more of the claims of the '862 Patent by making, selling, offering for sale, and/or using live game simulation products and/or services (including, for

7

example, the GameTracker product/service depicted in Exhibit E) covered by claims of the '862 Patent, without DDB's authorization in violation of 35 U.S.C. § 271(a).

41. On information and belief, CSTV had knowledge of the existence of the '862 Patent. For instance, on information and belief, CSTV had knowledge of the '862 Patent based on DDB's lawsuits against CSTV's competitor for infringement of the DDB Patents and/or the marking of competing live simulation products/services with the DDB Patents.

42. On information and belief, CSTV promoted, advertised, and provided access to its live game simulation products/services to users, customers, and potential customers by, at a minimum, providing links to its live game simulation products/services on its cstv.com website.

43. On information and belief, CSTV engaged in this conduct with the intent to lead others to engage in conduct that CSTV knew would constitute an infringement, in violation of 35 U.S.C. § 271(b).

44. On information and belief, CSTV also engaged in this conduct while knowing that its live game simulation products and/or services were especially made or especially adapted for use in an infringement of the '862 Patent and were not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

45. In view of its knowledge of the '862 Patent, CSTV's acts of infringement were willful.

## COUNT IV:
## INFRINGEMENT OF THE '587 PATENT

46. DDB repeats and realleges each of the allegations of paragraphs 1-45 as if set forth in full.

47.     DDB is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '587 Patent.

48.     On information and belief, DDB never licensed CSTV under any of the DDB Patents or otherwise authorized CSTV to practice the '587 Patent.

49.     CSTV infringed one or more of the claims of the '587 Patent by making, selling, offering for sale, and/or using live game simulation products and/or services (including, for example, the GameTracker product/service depicted in Exhibit E) covered by claims of the '587 Patent, without DDB's authorization in violation of 35 U.S.C. § 271(a).

50.     On information and belief, CSTV had knowledge of the existence of the '587 Patent. For instance, on information and belief, CSTV had knowledge of the '587 Patent based on DDB's lawsuits against CSTV's competitor for infringement of related DDB Patents and/or the marking of competing live simulation products/services with the DDB Patents.

51.     On information and belief, CSTV promoted, advertised, and provided access to its live game simulation products/services to users, customers, and potential customers by, at a minimum, providing links to its live game simulation products/services on its cstv.com website.

52.     On information and belief, CSTV engaged in this conduct with the intent to lead others to engage in conduct that CSTV knew would constitute an infringement, in violation of 35 U.S.C. § 271(b).

53.     On information and belief, CSTV also engaged in this conduct while knowing that its live game simulation products and/or services were especially made or especially adapted for use in an infringement of the '587 Patent and were not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

54. In view of its knowledge of the '587 Patent, CSTV's acts of infringement were willful.

## REQUEST FOR JURY TRIAL

55. Pursuant to FED. R. CIV. P. 38, DDB demands a trial by jury of any issue triable of right by a jury.

## PRAYER FOR RELIEF

THEREFORE, DDB prays for relief against CSTV as follows:

A. Judgment that CSTV infringed one or more claims of the DDB Patents in violation of 35 U.S.C. § 271(a), (b), and (c), and that such infringement was willful;

B. An award of damages incurred by DDB as a result of CSTV's infringement of the DDB Patents, said damages to be trebled in view of the willful and deliberate nature of the infringement;

C. An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest; and

D. Such other and further relief as this Court may deem just and proper.

Dated November 28, 2011

Respectfully submitted,

/s/ James G. Ruiz
James G. Ruiz (jruiz@winstead.com)
TX Bar No. 17385860
**WINSTEAD PC**
401 Congress Avenue, Ste.2100
Austin, TX 78701
Tel: (512) 370-2818
Fax: (512) 370-2850

Michael D. Gannon (gannon@mbhb.com)
Leif R. Sigmond, Jr. (sigmond@mbhb.com)
Rory P. Shea (shea@mbhb.com)
Paul A. Kafadar (kafadar@mbhb.com)
John D. Smith (smith@mbhb.com)
**MCDONNELL BOEHNEN
HULBERT & BERGHOFF LLP**
300 South Wacker Drive, Suite 3100
Chicago, Illinois 60606
Tel: (312) 913-0001
Fax: (312) 913-0002

*COUNSEL FOR PLAINTIFF
DDB TECHNOLOGIES L.L.C.*